**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**MARVIN SCHRIBER**                                                          **PLAINTIFFS**
**AND CHRISTA SCHRIBER**

**v.**                                                          **CIVIL ACTION NO. 4:21-CV-49-JHM**

**TRACY STURGILL** *et al.*                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 civil-rights action.  Because Plaintiffs Marvin Schriber

and Christa Schriber are proceeding *in forma pauperis*, the Court must review the complaint

pursuant to 28 U.S.C. § 1915(e).  For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF COMPLAINT**

Plaintiffs name the following as Defendants in this action – Tracy Sturgill (Case Worker),

Stephanie Spence (Case Worker), Vera Williams (Investigator), Henderson County Family Court

Judge Sheila Farris, and Assistant County Attorney Lawson Lambert.   Plaintiffs sue these

Defendants in their individual capacities.[1]

Plaintiffs' claims center upon the actions taken by Defendants in the course of child-

custody proceedings in state court.  They specifically complain about minor children being

removed from their custody by the state court.  Plaintiffs allege that Defendants have violated

and continue to violate their constitutional rights in the course of the state-court child-custody

proceedings.

As relief, Plaintiffs seek damages and the "immediate return of children."

---

[1] The address that Plaintiffs provide for Defendants Sturgill, Spence, and Williams suggests that they work for the Kentucky Cabinet for Health and Family Services, Department for Community Based Services, Division of Protection and Permanency in Henderson, Kentucky.  This is consistent with Plaintiffs' later description of these Defendants as working for "CPS" or "Child Protective Services."

## II. LEGAL STANDARD

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A.  Abstention Under *Younger* and *Rooker-Feldman*

To the extent that Plaintiffs seek this Court's involvement in an ongoing family court proceeding, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)).  The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*:  "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. Here, Plaintiffs reference ongoing state judicial proceedings, and the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*.").  Further, Plaintiffs have an adequate opportunity in the state proceeding to raise any constitutional challenges as nothing bars them from appealing a family court order or judgment to the Kentucky Court of Appeals.

To the extent that Plaintiffs have a state-court case that has concluded and Plaintiffs are challenging the state court's final decision, the *Rooker-Feldman* doctrine prevents a federal district court from entertaining an appeal of a case already litigated in state court.  "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274

(6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and

*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)).

Finally, the Court observes that any claims Plaintiffs have brought which are not barred

by either of these doctrines are subject to dismissal for the reasons set forth below.

**B.  42 U.S.C. § 1983 Claims**

Section 1983 creates no substantive rights but merely provides remedies for deprivations

of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S.

635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element,

a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**1.  Defendant Judge Sheila Farris**

Defendant Farris is the judge presiding over Plaintiffs' state-court custody case.

Plaintiffs allege that she violated their constitutional rights by issuing a warrant that was obtained

based upon false statements and by conducting an "Adjudication hearing" on July 29, 2020,

which included the following "tortious acts" – admitting false testimony, "extreme, obvious

partiality," omitting exculpatory evidence, and "ex parte communication."  Plaintiffs also allege

that Defendant Farris violated their rights by not providing them notice of hearings and denying

them the opportunity to be heard before they "lost all contact with their children."

A judge performing judicial functions is absolutely immune from suit seeking monetary

damages.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).  Judicial  immunity is

available even if the judge acts maliciously, corruptly, or in bad faith.  *Id*. at 11; *see also Leech v.*

*DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983 . . . even where a judge acts corruptly or with malice.") (internal citation omitted) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)).  A judge is not immune, however, under two circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity;" and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11-12 (citations omitted).

Because Plaintiffs sue Defendant Farris for actions she has taken in their state-court child-custody action, absolute judicial immunity bars their claims against her.  *See, e.g.*, *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) (state judge's orders in child custody and visitation proceedings "affected the rights only of the individual plaintiffs in specific judicial proceedings" and thus were "paradigmatic judicial acts" entitling the judge to absolute judicial immunity). Moreover, to the extent that Plaintiffs argue that Defendant Farris acted in the absence of jurisdiction because they "removed" their state-court case to this Court, the record in that action reflects that Plaintiffs' removal petition was dismissed and that the action was remanded to state court.  *See Schriber v. Ky. Dep't of Child Protective Servs.*, No. 4:21-cv-5-JHM (DNs 35 & 36).

### 2. Defendant Assistant County Attorney Lambert

Plaintiffs' allegations against Defendant Lambert are that he assisted in the "fraudulent production" of a "petition/affidavit of Emergency Temporary Removal" which contained false statements and that this document was used to obtain a warrant which led to the seizure of Plaintiffs' children by law enforcement.  Plaintiffs also allege that Defendant Lambert denied them an opportunity to be heard at a subsequent "Emergency Removal Hearing" and failed to provide them notice of another hearing.

The Supreme Court has extended absolute immunity to prosecutors from a suit for damages under § 1983 when the activity involved is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit recently summarized this doctrine as follows:

> [A]bsolute prosecutorial immunity protects only those acts falling within a prosecutor's role as advocate for the state and intimately associated with the judicial process, and not for administrative or investigative acts antecedent or extraneous to the judicial process. Investigative acts undertaken in direct preparation of judicial proceedings, including the professional evaluation of evidence, warrant absolute immunity, whereas other acts, such as the preliminary gathering of evidence that may ripen into a prosecution, are too attenuated to the judicial process to afford absolute protection.

*Cunningham v. Dep't of Children's Servs.*, 842 F. App'x 959, 966 (6th Cir. 2021) (quoting *Ireland v. Tunis*, 113. F.3d 1435, 1445 (6th Cir. 1997) (citation omitted)).

In the instant action, Plaintiffs do not allege that Defendant Lambert took actions outside of those typically associated with a family court attorney. Indeed, Plaintiffs' overall allegations suggest that whatever actions Defendant Lambert took, he took in the course of representing the Commonwealth of Kentucky in Plaintiffs' child-custody proceedings. Thus, the Court concludes that Defendant Lambert is entitled to prosecutorial immunity. *See Cunningham*, 842 F. App'x at 966-67 (holding family court prosecutor was entitled to prosecutorial immunity for the above-cited reasons where the plaintiff alleged that the prosecutor had "provided false and misleading information to the [juvenile] court to obtain *ex parte* authority over [the plaintiff]").

### 3. Defendants Sturgill, Spence, and Williams

Finally, the Court turns to Plaintiffs' claims against Defendants Sturgill, Spence, and Williams. Plaintiffs specifically allege that Defendant Sturgill violated their constitutional rights by submitting a report to the state court at a hearing on January 14, 2021, which "was mispresented and contained many reckless and harmful falsities" and that this report caused

Plaintiffs to lose "all contact with their children." Plaintiffs generally allege that Defendants Williams and Spence violated their constitutional rights at various hearings in Plaintiffs' state-court case.

Social workers, like prosecutors and probation officers, enjoy absolute immunity when they engage in conduct "intimately associated with the judicial process." *Cunningham*, 842 F. App'x at 966-67 (citation omitted). This means that "[s]ocial workers are absolutely immune only when they are acting in their capacity as *legal advocates*." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc). "A social worker acts as a legal advocate when initiating court proceedings, filing child-abuse complaints, and testifying under oath . . . ." *Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015). The Sixth Circuit has held that "[s]ocial workers enjoy broad immunity - ranging from immunity not only for negligent misrepresentations to the court, *see Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422-23 (6th Cir. 2001), but to knowing and intentional misrepresentations as well. *Barber*, 809 F.3d at 844." *Cunningham*, 842 F. App'x at 965.

Thus, because Plaintiffs' claims against Defendants Sturgill, Spence, and Williams are based upon the actions taken by these Defendants in the course of Plaintiffs' state-court child-custody proceedings, they are also are also entitled to immunity.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 25, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
    Defendants
    Henderson County Attorney
4414.011

7